# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3526

_____

Jodi Finnie,                            *
                                        *
            Appellee,                   *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Western District of Missouri.
H & R Block Financial Advisors, Inc.,   *
                                        *      [UNPUBLISHED]
            Defendant,                  *
                                        *
Patrick A. Looby,                       *
                                        *
            Appellant.                  *

_____

Submitted: December 1, 2008
       Filed: January 12, 2009 (Corrected: 2/25/2009)

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this employment discrimination action brought by Jodi Finnie against H&R Block Financial Advisors, Inc. (H&R Block)--her former employer--and Patrick Looby--her former supervisor at H&R Block--Looby appeals the district court's partial denial of a motion he filed jointly with H&R Block to compel arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. For the reasons stated, we reverse and remand to the district court, with instructions.

Finnie's complaint asserted claims of racial discrimination, harassment, and retaliation. In their motion to compel arbitration, H&R Block and Looby relied upon an arbitration clause in a document signed by Finnie, in which she "agree[d] to arbitrate any dispute, claim or controversy that may arise between the company and me, including any controversy arising out of my employment or termination of employment with the company, any claim of discrimination arising under Title VII," and any claim under "any other applicable federal or state law." They also relied on federal law as set forth in CD Partners v. Grizzle, 424 F.3d 795, 798-99 (8th Cir. 2005) (where franchisee sued principals of franchisor company, principals were entitled to compel arbitration based on arbitration clause in franchise agreement; nonsignatory can enforce arbitration clause against signatory to agreement when relationship between signatory and nonsignatory defendants is sufficiently close that only by permitting nonsignatory to invoke arbitration may evisceration of underlying arbitration agreement between signatories be avoided).

Applying Missouri law, the district court concluded that a valid arbitration agreement existed between Finnie and H&R Block. The district court further concluded, again based on Missouri law, that the arbitration agreement was not enforceable by Looby. Accordingly, the court granted the motion to compel arbitration as to H&R Block, but denied it as to Looby.

On appeal, Looby argues that the district court erred in applying Missouri law instead of federal law to decide whether he could enforce the arbitration agreement against Finnie, and in concluding that he could not. Finnie disputes Looby's position and also asserts, among other things, that the district court erred in concluding that a valid arbitration agreement existed between her and H&R Block.

To begin, we decline to consider Finnie's challenge to the district court's determination that a valid arbitration agreement existed between her and H&R Block. See Nitsche v. CEO of Osage Valley Elec. Coop., 446 F.3d 841, 845 n.4 (8th Cir.

2006) (limiting review to issues raised by appellant and declining to consider appellee's challenge to district court's adverse ruling; noting well-settled principle that failure to file cross-appeal prohibits appellee from attempting to enlarge his or her own rights or to lessen adversary's rights).

We review de novo the issues raised by Looby on appeal. See Grizzle, 424 F.3d at 798 ("We review de novo the denial of a motion to compel arbitration."); Am. Home Assurance Co. v. L&L Marine Serv., Inc., 153 F.3d 616, 618 (8th Cir. 1998) ("This court reviews a district court's choice of law determination de novo."); see also Waterfowl Ltd. Liab. Co. v. United States, 473 F.3d 135, 141 (5th Cir. 2006) (reviewing de novo district court's choice between federal and state law).

We first conclude that the district court erred in applying Missouri law to determine whether Looby could enforce the arbitration agreement. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (explaining that, where basic issue in case concerned arbitrability of dispute between parties, "Federal law in the terms of the [FAA] governs that issue in either state or federal court . . . . [9 U.S.C. § 2] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA]."), superseded by statute on other grounds.

Applying federal law, we further conclude that Looby was entitled to enforce the arbitration agreement under the circumstances of this case. See Grizzle, 424 F.3d at 798-800 (where nonsignatory defendants sought to enforce arbitration agreement against signatory plaintiff-franchisee, relationship between nonsignatory defendants and signatory franchisor was "sufficiently close" to permit such enforcement; among other factors, plaintiff's tort allegations all arose out of defendants' conduct while

acting as officers for franchisor, "core of the dispute" was defendants' conduct in fulfilling franchisor's promises).

Accordingly, we reverse the district court's denial of the motion to compel arbitration as to Finnie's claims against Looby, and we remand the case to the district court with instructions to enter a stay consistent with this opinion and 9 U.S.C. § 3.

_____