The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: October 7, 2024

**No. S-1-SC-39563**

**MARLENE SANCHEZ,**

Plaintiff-Petitioner,

v.

**UNITED DEBT COUNSELORS, LLC,**
**and LORRAINE S. ALIRES,**

Defendants-Respondents.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Denise Barela-Shepherd, District Judge**

Feferman, Warren & Mattison
Nicholas H. Mattison
Albuquerque, NM

Gupta Wessler PLLC
Jennifer D. Bennett
San Francisco, CA

for Petitioner

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Jennifer G. Anderson
Spencer L. Edelman
Tomas J. Garcia

Albuquerque, NM

for Respondents


Treinen Law Office, PC
Rob Treinen
Albuquerque, NM

for Amicus Curiae Public Justice and National Consumer Law Center

**OPINION**

**VIGIL, Justice.**

{1}     This is an arbitration case. Arbitration clauses in contracts require disputes to be settled by arbitration. The arbitrability of a dispute, such as whether a contract to arbitrate is enforceable, is a gateway issue typically decided by the court. However, the parties can decide otherwise, and can agree in what we herein describe as a delegation clause, that gateway issues must be decided by the arbitrator. This case requires us to determine the sufficiency of a challenge by Plaintiff Marlene Sanchez to the delegation clause in an arbitration agreement. The Court of Appeals held that Plaintiff's challenge to the delegation clause in this case was not sufficiently specific. *Sanchez v. United Debt Couns., LLC*, A-1-CA-40164, mem. op. (N.M. Ct. App. Aug. 17, 2022) (nonprecedential). We disagree and reverse.

**I.     BACKGROUND**

**A.     District Court Proceedings**

{2}     Plaintiff filed a class action complaint for damages in the district court for alleged violations of the New Mexico Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019), and additional claims for relief. Generally, Plaintiff alleges she was struggling with credit card debt when Defendant, United Debt Counselors, LLC (UDC), sent her a letter stating that it could resolve

her credit card debts. Based on that representation and others contained in the letter, Plaintiff called UDC and, Plaintiff alleges, UDC further represented that if she stopped paying her credit card debtors and paid UDC instead, UDC would use the money to settle her credit card debts within twenty-four months. Plaintiff was interested in the program, and UDC sent a representative to Plaintiff's home with a contract. Plaintiff alleges she signed the contract based on the representative's repeated statements that Plaintiff should stop paying her credit card bills and pay UDC instead, who would then use the money to pay off her credit card debts. Plaintiff alleges she stopped making her credit card payments and made several payments to UDC, but UDC did nothing on her behalf. As a result, Plaintiff filed the suit, asking for certification as a class action; actual, statutory, and punitive damages; declaratory and equitable relief; and reasonable attorney's fees and costs.

{3} UDC filed a motion to compel arbitration. In support of the motion, UDC referenced an arbitration clause in its contract with Plaintiff which provides:

> **Arbitration**: Both parties agree that if CUSTOMER feels that a dispute that cannot be resolved between the parties per the terms of this Agreement, CUSTOMER will submit a request to AAA (American Arbitration Association) for binding arbitration by an arbitrator. The location of any arbitration shall be in the county that CUSTOMER resides in or in (County company resides in). CUSTOMER understands that by entering this Agreement, CUSTOMER is specifically agreeing to binding arbitration and any decision resulting there from, and waiving all rights to avail itself of a judicial proceeding in any state, federal or other governmental court, or any agency proceeding or

2

complaint process. CUSTOMER and COMPANY agree to waive any claim to seek prevailing party attorneys' fees or costs, and waive any right to assign or transfer their claims, including to any form of class action proceeding. CUSTOMER and COMPANY agrees that the law of the state in which the consumer resides at time of signature shall apply to this agreement. The arbitrator or arbitration panel shall have the exclusive and sole authority to resolve [any] dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement and of this arbitration requirement.

In general, the arbitration clause requires arbitration of any disagreement between Plaintiff and UDC. The last sentence then specifically delegates to the arbitrator the "exclusive and sole authority" to decide "any dispute" (brackets omitted) relating to "this arbitration requirement" and its "enforceability." We refer to this sentence as the delegation clause. UDC contended in the motion to compel that the delegation clause required the case to be referred to arbitration.

{4}     In response to UDC's motion, Plaintiff pointed out that substantive unconscionability—where the terms of a contract are illegal, contrary to public policy, or grossly unfair—is a recognized ground for not enforcing a contract. Plaintiff argued that the arbitration agreement stripped her of the statutory right under the UPA to recover attorney's fees and costs, which rendered the waiver unconscionable and, therefore, unenforceable. In response to UDC's argument that under the delegation clause it was up to the arbitrator, not the court, to decide whether the arbitration agreement is enforceable, Plaintiff asserted it was the duty of

3

the court in the first instance to determine whether the delegation clause itself is enforceable. Plaintiff further argued that the delegation clause itself is unconscionable and therefore unenforceable. "Here, the delegation provision is unenforceable for precisely the same reasons as the entire arbitration agreement is [unenforceable]: it strips consumers of the right to attorney's fees and costs pursuant to the [UPA] and other statutes. The arbitration agreement's denial of attorney's fees and costs applies equally to the delegation provision and the threshold issues it purports to send to the arbitrator." At the hearing on the motion, Plaintiff elaborated:

> Our argument about the unconscionability disagreement is that it denies statutory attorneys' fees for someone who wins on a fee-shifting statute like the UPA. That applies just as well to the delegation of those initial issues like unconscionability. The arbitration [clause] also says you're not going to get attorneys' fees when that issue[,] the issue of unconscionability[,] is decided by an arbitrator. Because our argument applies both to the arbitration [clause] as a whole and the delegation [clause], the [district c]ourt can refuse to send the issue to the arbitrator. In fact, the [district c]ourt should refuse to[,] to send the issue to the arbitrator[,] because all of it is [unenforceable].

Finally, Plaintiff asserted that the court should not order the case to arbitration with the attorney's fees and costs waivers severed from the arbitration agreement because these terms "go to the heart of the 'arbitration scheme itself'" (quoting *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 40, 146 N.M. 256, 208 P.3d 901).

{5} In its reply to Plaintiff's arguments, UDC conceded, "[t]o the extent the mutual waiver of prevailing party attorneys' fees and costs is contrary to the UPA,

4

that clause is void [only] for purposes of Plaintiff's UPA claim [but not Plaintiff's remaining claims]." UDC argued that if the court found the attorney's fees and costs waiver to be unenforceable as it relates to Plaintiff's UPA claim it could strike the waiver and enforce the remainder of the agreement because the waiver was not "'central to the arbitration scheme.'" *See* Order Granting Motion to Compel Arbitration at 7, *Gorman v. S/W Tax Loans, Inc.*, No. 1:14-cv-00089-GBW-KK (D.N.M. Mar. 17, 2015) (quoting *Rivera v. Am. Gen. Fin. Servs., Inc.*, 2011-NMSC-033, ¶ 56, 259 P.3d 803).

{6} The district court granted UDC's motion to compel arbitration. The district court declined to rule on whether the waiver of attorney's fees renders the arbitration agreement unconscionable on the basis that the delegation clause gives the arbitrator the authority to decide that issue. The district court also declined to rule on Plaintiff's argument that the delegation clause itself is unconscionable because "the challenge is not a distinct challenge, it is the same challenge she asserts against the arbitration agreement—that it is unconscionable because it waives attorney fees." Plaintiff appealed to the Court of Appeals.

**B.    Court of Appeals Proceedings**

{7} The Court of Appeals decided the entirety of Plaintiff's appeal in a single paragraph of a memorandum opinion. The Court of Appeals first addressed

5

Plaintiff's argument that, contrary to the district court's ruling, she did raise a "specific challenge" to the delegation clause in arguing the delegation clause is "unconscionable and unenforceable for exactly the same reason as the arbitration agreement as a whole." *Sanchez*, A-1-CA-40164, mem. op. ¶ 2. The Court of Appeals summarily rejected the argument stating, "We recently confirmed that arguments of this nature do not constitute a specific challenge to the delegation clause." *Id.* (citing *Juarez v. THI of N.M. at Sunset Villa*, 2022-NMCA-056, ¶ 38, 517 P.3d 918). The Court of Appeals also addressed Plaintiff's argument that the delegation clause stripped her of attorney's fees and costs for litigating the threshold issues before an arbitrator. When the Court of Appeals proposed summary affirmance, Plaintiff responded:

> Plaintiff will not be permitted to obtain attorney's fees and costs for the time her attorney spends litigating the delegated threshold issues before the arbitrator. Pursuant to the UPA, Plaintiff is entitled to attorney's fees and costs for the time spent briefing and arguing over the unconscionability of the arbitration agreement. NMSA § 57-12-l0(C). To deny fees and costs for this threshold issue will prevent the vindication of consumers' statutory rights. This is a specific challenge to the delegation clause.

The Court of Appeals also summarily rejected this argument, stating, "However, the merits of Plaintiff's unconscionability challenge have not yet been decided, she will have an opportunity to raise this matter before an arbitrator, and Plaintiff has identified no specific reason why it is unconscionable for an arbitrator, rather than a

6

court, to resolve the threshold issue." *Sanchez*, A-1-CA-40164, mem. op. ¶ 2. On this reasoning, the Court of Appeals summarily affirmed the district court order compelling arbitration. *Id.* ¶ 3.

{8} Plaintiff petitioned this Court for a writ of certiorari. We granted Plaintiff's petition on two questions: (1) whether the Court of Appeals erred in holding that Plaintiff did not raise a specific challenge to UDC's delegation clause simply because she challenged the delegation clause on the same grounds as the arbitration clause as a whole, and (2) whether the Court of Appeals erred in failing to hold that both the delegation clause and the arbitration clause are unenforceable.

## II.     DISCUSSION

## A.     Challenging a Contract's Delegation of Authority to an Arbitrator

{9} Section 2 of the Federal Arbitration Act (FAA) in pertinent part provides, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of [the] contract." 9 U.S.C. § 2 (2022). "Section 2 is the primary substantive provision of the Act," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (superseded by statute on other grounds as stated by *Finnie v. H & R Block Fin. Advisors*, *Inc.* 307 Fed.Appx. 19, 2 (8th Cir.

7

2009) (per curiam) (unpublished)), and the substantive law under Section 2 applies to both state and federal courts. *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984). It is a "fundamental principle that arbitration is a matter of contract," *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010), and as such, contracts to arbitrate stand on "equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Therefore, in considering the validity of a contract to arbitrate under Section 2, state law concerning the validity, revocability, and enforceability of contracts in general applies. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). This means that just like any other contract, a contract to arbitrate may be invalidated only by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

{10} This inquiry into arbitration begins with *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, where the United States Supreme Court held that an arbitration provision is severable from the remainder of the contract and as such must be independently challenged. 388 U.S. 395, 403-04 (1967). In *Prima Paint*, the contract contained an arbitration clause requiring arbitration of "'[a]ny controversy or claim arising out of or relating to'" the contract. *Id.* at 398. The plaintiff filed suit in federal court seeking rescission of the entire contract on the basis of fraud in the contract's

inducement. *Id.* The issue was whether fraudulent inducement was to be decided by the court or the arbitrator. *Id.* at 402. The Court ruled that because an arbitration clause is severable from the contract, "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the making of the agreement to arbitrate"—then that issue is for the court to decide. *Id.* at 403-04 (internal quotation marks omitted). *See Buckeye Check Cashing, Inc.*, 546 U.S. at 445-46 ("[A]s a matter of substantive federal law, an arbitration [agreement] is severable from the remainder of the contract" and "this arbitration law applies in state as well as federal courts."). Because no claim was made that the arbitration clause itself was fraudulently induced, and the suit sought rescission of the entire contract, the Court held that fraudulent inducement was for the arbitrator to decide. *Prima Paint*, 388 U.S. at 404-06.

{11}    *Rent-A-Ctr.* expanded *Prima Paint* to include delegation clauses in arbitration agreements. In *Rent-A-Ctr.*, the arbitration agreement required "arbitration of all past, present or future disputes arising out of" the employment relationship between the parties. *Rent-A-Ctr.*, 561 U.S. at 65 (internal quotation marks omitted). The arbitration agreement further provided in a delegation clause that the arbitrator has "'exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this [a]greement including, but not

limited to any claim that all or any part of this [a]greement is void or voidable.'" *Id.* at 66. The plaintiff opposed the defendant's motion to compel arbitration on the basis that "'the arbitration agreement in question is clearly unenforceable in that it is unconscionable.'" *Id.* The Court held that this arbitration agreement has two separate agreements under Section 2 of the FAA: (1) the agreement to arbitrate "all past, present or future disputes" and (2) the agreement in the delegation clause giving the arbitrator "exclusive authority" to decide gateway issues concerning the arbitration agreement. *Id.* at 68 (internal quotation marks omitted). The *Rent-A-Ctr.* Court described the second agreement—to arbitrate gateway issues—as "simply an additional, antecedent agreement" that, is valid like any other arbitration agreement under Section 2 of the FAA, "'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* at 70 (quoting Section 2 of the FAA). Applying *Prima Paint*, the Court said that "unless [the plaintiff] challenged the delegation provision specifically," a court was required to treat it as valid, "leaving any challenge to the validity of the [arbitration a]greement as a whole for the arbitrator." *Id.* at 72. Because the plaintiff contended "that the entire arbitration agreement, including the delegation clause, was unconscionable," and none of the plaintiff's arguments in opposition to the motion to compel were specific to the

delegation clause itself, the Court held it was "too late" to mount a challenge to the delegation clause. *Id.* at 73-76.

{12}     In *Felts v. CLK Mgmt., Inc.*, our Court of Appeals examined the ramifications of *Rent-A-Ctr.* on two challenges to delegation clauses in a series of loan agreements. 2011-NMCA-062, ¶ 10-13, 149 N.M. 681, 254 P.3d 124. First, the plaintiff argued that the loan agreements contained a class action ban in violation of New Mexico law. *Id.* Both the arbitration provision and a separate class action waiver contained explicit class action prohibitions. *Id.* ¶ 5. The delegation provision contained a similar restriction stating that any disagreements "'*shall be resolved by binding individual (and not class) arbitration.*'" *Id.* ¶ 21. Second, the plaintiff argued that because the mandatory designated arbitrator had ceased its consumer arbitration business, performance of the arbitration provision was rendered impossible. *Id.* ¶¶ 10, 28. The Court in *Felts* first recognized *Rent-A-Ctr.*'s requirement that when an arbitration agreement contains a delegation clause, "a district court is precluded from deciding a party's claim of unconscionability unless that claim is based on the alleged unconscionability of the delegation provision itself." *Id.* ¶ 20 (citation omitted).

{13}     The *Felts* Court determined both challenges were sufficiently specific. *Id.* ¶ 30. First, because the delegation provision itself included a class action prohibition, the challenge that the class action ban rendered the arbitration provision

unconscionable was also specific to the delegation clause. *Id.* Second, despite the fact the mandatory-arbitrator provision was only in the arbitration clause (and not the delegation provision), because the arbitrator was designated to resolve "any and all disputes," the Court determined this specifically included the delegation clause. *Id.* Thus, the Court concluded the "arguments were both clearly directed against the validity of the delegation clause *alone* . . ." and not the entirety of the loan agreements. *Id.* (emphasis added).

{14}     The specificity requirement for challenging a delegation clause was also addressed in *Juarez*, 2022-NMCA-056. The plaintiff in *Juarez* signed an admission agreement and an arbitration agreement as conditions for admission to a rehabilitation facility following knee replacement surgery. *Id.* ¶ 2. The arbitration agreement contained a delegation clause requiring the arbitrator to decide "'any disagreements regarding the applicability, enforceability or interpretation'" of the arbitration agreement. *Id.* ¶ 4. After the plaintiff filed suit, the defendant rehabilitation facility moved to compel arbitration. *Id.* ¶ 6. The plaintiff responded that the arbitration agreement "was substantively unconscionable because it contained provisions that were unfair and against public policy," and procedurally unconscionable due to the circumstances of signing the agreement. *Id.* ¶ 7. The plaintiff said she also challenged the "delegation clause under the same grounds [on

which] she challenge[d] the arbitration agreement." *Id.* At a hearing on the defendant's motion, the plaintiff reasserted that the delegation clause "'is unenforceable for the same reasons that I have mentioned here, that the [arbitration agreement] itself is unenforceable.'" *Id.* ¶ 9. The *Juarez* Court held that neither of these statements constituted a sufficient challenge to the delegation clause itself. *Id.* ¶ 37. The Court of Appeals explained that the statements "attack the validity of the delegation clause only so far as the delegation clause is included in the [arbitration agreement] because [the] unconscionability argument both in the district court and on appeal is directed at the validity of the [arbitration agreement] in its entirety." *Id.* ¶ 38. This is the same argument, *Juarez* notes, that was made and rejected in *Rent-A-Ctr.*—that a challenge to the contract as a whole, of which the delegation clause is a part, is not a specific challenge to the delegation clause itself. *Id.*

{15} *Rent-A-Ctr.*, *Felts*, and *Juarez* can be synthesized into a comprehensive rule statement: A challenge to a delegation clause will receive judicial review when the delegation clause itself is (1) specifically challenged on (2) "'such grounds as exist at law or in equity for the revocation of any contract.'" *Rent-A-Ctr.*, 561 U.S. at 70 (quoting 9 U.S.C. § 2). A sufficiently specific challenge is one that "discuss[es] the language or the application and enforcement of the delegation clause." *Juarez*, 2022-NMCA-056, ¶ 39 (citations omitted). As *Juarez* illustrates, a party cannot claim that

if the arbitration clause is unenforceable, this also renders a delegation clause within the arbitration clause unenforceable. *Id.* However, a delegation clause *and* the arbitration agreement—or contract as a whole—may be unenforceable for the same reason. With these rules in mind, we now turn to the decisions of the district court and Court of Appeals in the present case.

**B.     Plaintiff Challenged the Delegation Clause with Sufficient Specificity**

{16}     The first question before us is whether the Court of Appeals erred in holding that Plaintiff did not raise a specific challenge to UDC's delegation clause because she challenged the delegation clause on the same grounds as the arbitration clause as a whole. Our review of this issue is de novo. *See Peavy ex rel. Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 9, 470 P.3d 218 (stating that de novo review applies to a district court's denial of a motion to compel arbitration).

{17}     In the district court, Plaintiff's argument could not have been more clear: the arbitration agreement is unconscionable under the UPA because it strips her of attorney's fees and costs for successfully litigating the UPA claim, *and* the delegation clause is unconscionable under the UPA because it strips her of attorney's fees and costs for successfully litigating gateway issues. Plaintiff was even more specific in the Court of Appeals, arguing that the delegation clause stripped her of an award of attorney's fees and costs for successfully litigating threshold issues and

14

that this violated the UPA. "To deny fees and costs for this threshold issue will prevent the vindication of consumers' statutory rights. This is a specific challenge to the delegation clause."

{18} Plaintiff's challenge complied with *Rent-A-Ctr.*. Again, the challenge in *Rent-A-Ctr.* was to "'the entire arbitration agreement, including the delegation clause.'" 561 U.S. at 73. In *Rent-A-Ctr.* the plaintiff argued that the entire arbitration agreement was invalid because it contained contractually mandated procedures that were required by both the arbitration agreement and delegation clauses. *Id.* In other words, the plaintiff challenged the entire agreement, of which the delegation clause was a part—but there was no specific challenge to the delegation clause itself. *Id.* However, the Supreme Court added, "[i]t may be that had [the plaintiff] challenged the delegation provision by arguing that these common procedures *as applied* to the delegation provision rendered *that provision* unconscionable, the challenge should have been considered by the court." *Id.* at 74. This is exactly what Plaintiff did in this case. She argued that the waiver of attorney's fees and costs as applied to the delegation clause rendered the delegation clause unconscionable. The fact that she also argued the arbitration clause is unconscionable for the same reason does not negate the claim as to the delegation clause.

**{19}** The district court agreed that Plaintiff "raised a challenge to the delegation clause," but it refused to consider the merits of Plaintiff's unconscionability argument because "the challenge is not a *distinct* challenge, it is the same challenge [Plaintiff] asserts against the arbitration agreement." The district court provided no support for its notion of a *distinct* challenge or even what the court meant by distinct. As Plaintiff points out, it is unclear whether the district court meant the grounds for unenforceability need to be distinguished in greater detail from the grounds invalidating the arbitration provision, or whether the two grounds need to be unique or different.

**{20}** The Court of Appeals adopted the latter interpretation of *distinct* by advancing the strict proposition that a challenge to a delegation provision must be on different grounds than the challenge to the arbitration provision. As we have already discussed, Plaintiff specifically argued that the delegation clause stripped her of an award of attorney's fees and costs for successfully litigating threshold issues, and this violated the UPA. "This is a specific challenge to the delegation clause." However, the Court of Appeals ruled this challenge was not sufficiently specific, and affirmed the district court with a conclusory holding that "arguments of this nature do not constitute a specific challenge to the delegation clause." *Sanchez*, A-1-CA-40164, mem. op. ¶ 2. In support of this ruling, the Court of Appeals incorrectly

16

summarized *Juarez* as "concluding that the plaintiff's challenge to the delegation clause on the same grounds as her challenge to the agreement as a whole was not a specific challenge." *Id.*

{21} More accurately, *Juarez* relevantly held that the plaintiff's argument "challenging the contract as a whole" was "not clearly directed against the validity of the delegation clause" as a discrete matter. *Id.* ¶ 38 (internal quotation marks and citation omitted). *Juarez* does not prohibit a party who makes a specific challenge to a delegation clause from challenging the arbitration clause or the contract as a whole on the same grounds. In fact, no precedent requires a challenge to the delegation clause to be distinct or different from a challenge to the arbitration agreement itself; instead, what is required—and was absent in *Juarez*—is a challenge specific to the delegation clause.

{22} In addition, the Court of Appeals confused the requirement to specifically challenge a delegation clause with the merits of the challenge. Typically, a three-step inquiry determines the unconscionability of a delegation provision. First, *is there clear and unmistakable evidence that the parties intended to delegate questions of arbitrability to an arbitrator*? *Felts*, 2011-NMCA-062, ¶ 21. Second, *if the parties have agreed to arbitrate threshold questions, in opposing arbitration, has a party specifically challenged the arbitration provision*? *Id.* ¶¶ 20, 27. Only if

the answers to the first two questions are in the affirmative does a court reach step three, *is the arbitration provision unconscionable*? *Id.* ¶ 34. However, the Court of Appeals combined steps two and its own version of step three:

> We also note that Plaintiff's memorandum claims she "will not be permitted to obtain attorney[] fees and costs for the time her attorney spends litigating the delegated threshold issues before the arbitrator." [MIO 12-16] However, the *merits of Plaintiff's unconscionability challenge have not yet been decided*, she will have an opportunity to raise this matter before an arbitrator, and Plaintiff has identified *no specific reason* why it is unconscionable for an arbitrator, rather than a court, to resolve this threshold issue.

*Sanchez*, A-1-CA-40164, mem. op. ¶ 2 (alteration in original) (emphasis added). Under the Court of Appeals version of the inquiry, step three (the merits of Plaintiff's unconscionability challenge) is immaterial to step two's reviewability determination (whether the challenge is sufficiently specific). Therefore, the Court of Appeals improperly relied on this inquiry—the merits of the unconscionability argument— to reject Plaintiff's challenge to the delegation clause.

**III. CONCLUSION**

{23} We hold that the Court of Appeals erred in in its conclusion that Plaintiff did not raise a specific challenge to the delegation clause. We reverse the Court of Appeals on this issue. It is not necessary to decide the second question on certiorari as it is for the district court in the first instance to determine whether the delegation

18

clause is valid and enforceable. We remand the case to the district court for further proceedings consistent with this opinion.

{24}    **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**


_____
**DAVID K. THOMSON, Chief Justice**


_____
**C. SHANNON BACON, Justice**


_____
**JULIE J. VARGAS, Justice**


_____
**BRIANA H. ZAMORA, Justice**

19